Robert S. Besser SBN 46541
LAW OFFICES OF ROBERT S. BESSER
17383 Sunset Boulevard Suite A-350
Pacific Palisades, California 90272
Tel:   (310) 394-6611
Fax:   (310) 394-6612
rsbesser@aol.com

Christopher Chapin SBN 112608
LAW OFFICES OF CHRISTOPHER CHAPIN
110 Forest Lane
San Rafael, California 94903
Tel:   (415) 578-2364
christopherchapin@aol.com

Attorneys for Plaintiff
GUSTO RECORDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTO RECORDS, INC., a Tennessee corporation,<br><br>    Plaintiff,<br>vs.<br><br>PANDORA MEDIA, INC., a Delaware corporation,<br><br>    Defendant.<br>_____/ | Case No.<br><br>COMPLAINT FOR CONVERSION; MISAPPROPRIATION; and UNFAIR BUSINESS PRACTICES<br><br>DEMAND FOR JURY TRIAL |

INTRODUCTORY STATEMENT

Plaintiff GUSTO RECORDS, INC. ("GUSTO") brings this action for compensation for the wrongful taking of GUSTO's property by Defendant PANDORA MEDIA, INC. ("PANDORA"). GUSTO is the owner of a large collection of master sound recordings that it has spent an enormous amount of time, effort and money developing and protecting so that its commercial uses could be maximized.

Without permission or compensation, PANDORA took GUSTO's property and commercially exploited it by, in effect, renting it to millions of PANDORA's customers for their use and enjoyment, thereby substantially decreasing the value of the catalog to GUSTO. GUSTO is entitled to recover all of PANDORA's ill-gotten gains from its theft and exploitation of GUSTO's catalog of master sound recordings.

## PARTIES

1. GUSTO is a corporation duly organized and existing pursuant to the laws of the State of Tennessee with its principal place of business in Nashville, Tennessee.

2. PANDORA is a corporation organized and existing pursuant the laws of the State of Delaware with principal places of business in Santa Monica and Oakland, California.

## JURISDICTION AND VENUE

3. This Court's subject matter jurisdiction is invoked pursuant to 28 USC §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. PANDORA is located and has a principal place of business in California. PANDORA is engaged in tortious conduct in California by misappropriating and converting to its own use GUSTO's valuable and extensive collection of master recordings.

5. Venue is proper in this district because PANDORA resides in this district and the conduct causing harm to GUSTO takes place in this District.

## COMMON FACTS

6. PANDORA owns and operates an internet radio station which allows users/customers to create and have their own particular "playlist" of songs streamed directly to their devices, whether smart phones, laptops, tablets, smart watches or any other device capable of reproducing sound. PANDORA has millions of listeners including paid subscribers. To create income for its free radio service, it sells advertising space and time.

7. GUSTO is the owner of a large catalog of original Pre-72 Sound Recordings (i.e., sound recordings that were "fixed" or recorded prior to February 15, 1972) including some of the greatest hits of all time – going back to the 1940's (the "GUSTO CATALOG").

8. Excluding catalogs of sound recordings owned by the major record labels, the independently owned GUSTO CATALOG is probably the largest catalog of its kind in the United States. It consists of more than 15 significant record labels with a total of more than 200,000 sound recordings, the vast majority of which were recorded prior to February 1, 1972. The distinct labels include the King Records group of labels (King, Queen, Federal and Deluxe) with such artists as Little Willie John, Hank Ballard & The Midnighters, Billy Ward & The Dominoes, Bill Doggett, Earl Bostic and Freddy King; Starday Records with such artists as George Jones, Red Sovine, Reno & Smiley and The Stanley Brothers; Scepter/Wand Records with such artists as The Shirelles, B.J. Thomas, Chuck Jackson and Maxine Brown; Musicor/Dynamo Records with such artists as Gene Pitney, George Jones and The Platters; and numerous other labels including Little Darlin' Records, Step One Records and Chart Records. GUSTO owns 100% of the worldwide rights in the GUSTO CATALOG.

9. Included in PANDORA'S collection of sound recordings are many Pre-72 Sound Recordings taken from the GUSTO CATALOG without GUSTO's consent.

10. GUSTO is informed and believes that PANDORA has in excess of 85 Million registered users and more than a 70% share of internet radio in the United States.

11. Effective January 5, 2017, GUSTO entered into a licence agreement with PANDORA by the terms of which PANDORA is authorized to use specific sound recordings from the GUSTO CATALOG (the "PANDORA Licence"). The PANDORA License was made without waiver of GUSTO's rights to seek compensation for PANDORA's wrongful acts *before* the effective date of the PANDORA License.

## FIRST CLAIM FOR RELIEF
(For Conversion against All Defendants)

12. GUSTO repeats and incorporates by reference the allegations contained in the Introductory Statement and Paragraphs 1 through 11 as though fully set forth.

COMPLAINT FOR CONVERSION; MISAPPROPRIATION; AND UNFAIR BUSINESS PRACTICES

13. Pursuant to the laws of the State of California, GUSTO has exclusive ownership of its Pre-72 Sound Recordings, including the exclusive right to sell, licence for sale, licence for use and otherwise commercially exploit them.

14. California *Civil Code*, §980(a)(2) provides:

> "The author of an original work of authorship consisting of a sound recording initially fixed prior to February 15, 1972, has an *exclusive ownership* therein until February 15, 2047, *as against all persons* except one who independently makes or duplicates another sound recording that does not directly or indirectly recapture the actual sounds fixed in such prior sound recording, but consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate the sounds contained in the prior sound recording." [Emphasis added.]

15. GUSTO is the contractual successor in interest and owns all rights belonging to the authors whose works are contained in the GUSTO CATALOG.

16. GUSTO is in the business of owning and commercially exploiting its substantial collection of Pre-72 Sound Recordings. GUSTO manufactures, licenses and digitally distributes its Pre-72 Sound Recordings.

17. During the more than 40 years that GUSTO has built the GUSTO CATALOG, GUSTO has invested substantial time and money in its development, including converting a significant quantity of the original recordings into digital formats in order to make them available on compact discs and for streaming, as well as committing considerable resources to protect the catalog from extensive unauthorized uses of its Pre-72 Sound Recordings. As a result the GUSTO CATALOG has become an extremely valuable asset.

18. By commercially exploiting Pre-72 Sound Recordings belonging to GUSTO, PANDORA has dispossessed GUSTO of its property rights and used them for its own benefit and profit with little or no cost to PANDORA.

19. As a direct and proximate result of PANDORA'S conversion, GUSTO has been damaged in an amount according to proof in excess of $75,000.00.

20. By taking GUSTO'S property rights in the GUSTO CATALOG and using them for its own benefit, PANDORA has acted with fraud, malice and with conscious disregard for GUSTO'S rights. Accordingly, GUSTO is entitled to an award of punitive damages in an amount to deter future similar conduct.

SECOND CLAIM FOR RELIEF
(For Misappropriation)

21. GUSTO repeats and incorporates by reference the allegations contained in Paragraphs 1 through 11 and 13 through 20 as though set forth in full.

22. GUSTO possesses exclusive ownership rights in the Pre-72 Sound Recordings in the GUSTO CATALOG and the exclusive right to use the name and likeness of the recording artists in connection with the commercial exploitation of their recordings. GUSTO and its predecessors-in-interest invested substantial time and money in collecting and making available for sale the sound recordings contained in the GUSTO CATALOG.

23. For four years prior to the effective date of the PANDORA License, PANDORA misappropriated for its own commercial benefit GUSTO's exclusive ownership rights in the GUSTO CATALOG, including its exclusive right to use the name and likeness of the recording artists in connection with the commercial exploitation of the artists' sound recordings.

24. As a direct and proximate result of PANDORA'S misappropriation (i.e., theft) of GUSTO's property, PANDORA received and retained money that rightfully belongs to GUSTO.

25. As a direct and proximate result of PANDORA'S misappropriation, GUSTO has been damaged in an amount according to proof.

26. PANDORA acted with fraud, malice and with conscious disregard for GUSTO'S rights. Accordingly, GUSTO is entitled to an award of punitive damages in an amount sufficient to deter further similar conduct.

## THIRD CLAIM FOR RELIEF
(For Unfair Business Practices)

27. GUSTO repeats and incorporates by reference the allegations contained in the Introductory Statement, Paragraphs 1 through 11; 13 through 20; and 22 through 26 as though set forth in full.

28. California *Penal Code,* §653h provides in pertinent part:

"(a) Every person is guilty of a public offense punishable as provided in Subdivisions (d) and (c), who: (1) knowingly and wilfully transfers or causes to be transferred any sounds that have been recorded on a phonograph record, disc, wire, tape, film or other article on which sounds are recorded, with intent to sell or cause to be sold, or to use or cause to be used for commercial advantage or private financial gain through public performance, the article on which the sounds are so transferred, without the consent of the owner. . . .

(i) this section applies only to such articles that were initially mastered prior to February 15, 1972."

29. Before the PANDORA License was in effect, PANDORA usurped GUSTO's exclusive rights by using in the GUSTO CATALOG by using the pre-1972 sound recordings therein for commercial advantage without permission from or compensation to GUSTO.

30. PANDORA's use of GUSTO's property without authorization or compensation constitutes an illegal act upon which GUSTO bases its claim for unfair business practices under *Business & Professions Code*, §17200, *et seq*.

31. As a direct and proximate result of PANDORA'S conduct, GUSTO has been damaged in an amount according to proof in excess of $75,000.00. GUSTO'S damages include lost royalties and profits which would have been due under licenses issued by GUSTO to PANDORA.

WHEREFORE, GUSTO prays for relief as follows:

1. For actual and compensatory damages in an amount exceeding $75,000.00;

///

2. For punitive damages in an amount sufficient to deter further similar

-6-

1  conduct;

2      3. For costs including attorneys' fees and costs incurred herein; and

3      4. For such other or further relief as the Court may deem just and proper.

4  Dated: March 1, 2018

5  LAW OFFICES OF ROBERT S. BESSER

7  By: */s Robert S. Besser*
     ROBERT S. BESSER
   Attorneys for Plaintiff
8     GUSTO RECORDS, INC.

11                              DEMAND FOR JURY TRIAL

12      Plaintiff GUSTO RECORDS, INC. hereby demands a trial by jury of the

13  claims for relief stated herein.

14  Dated: March 1, 2018

15  LAW OFFICES OF ROBERT S. BESSER

17  By: */s Robert S. Besser*
     ROBERT S. BESSER
   Attorneys for Plaintiff
18     GUSTO RECORDS, INC.

COMPLAINT FOR CONVERSION; MISAPPROPRIATION;
AND UNFAIR BUSINESS PRACTICES